UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STANLEY GEBHARDT,

    Plaintiff,

vs.

Case No.:
Hon.

INSANE CLOWN POSSE, L.L.C., a Michigan
Limited Liability Company; and
Joseph Bruce (a/k/a "Violent J"), an Individual,
jointly and severally,

    Defendants.

_____

## COMPLAINT AND JURY DEMAND

NOW COMES PLAINTIFF, by and through his undersigned counsel and files his Complaint and Jury Demand as follows:

### PRELIMINARY STATEMENT

Plaintiff brings this action seeking to put an immediate stop to, and to obtain redress for, Defendants' acts of intentional copyright infringement of Plaintiff's poetic work entitled, "But You Didn't."

### PARTIES

1.     Plaintiff is a citizen of the State of Ohio.

2.     Upon information and belief, Defendant Insane Clown Posse, L.L.C. is a

1

limited liability company duty organized and existing under the laws of the State of Michigan, with its principle place of business in Farmington Hills, Michigan.

3. Upon information and belief, Defendant Joseph Bruce, also known as "Violent J," is a citizen of the State of Michigan, a member of Insane Clown Posse, L.L.C. and its statutory agent with a registered address in Farmington Hills, Michigan.

4. Defendants are jointly and severally liable to Plaintiff for the claims asserted herein.

## JURISDICTION AND VENUE

5. This is a civil action seeking monetary damages as well as declaratory and injunctive relief for copyright infringement under the Copyright Act of the United States, 17 U.S.C. § 101, *et. seq*.

6. The Court has jurisdiction over this lawsuit pursuant to 28 U.S.C. § 1331 and § 1338(a).

7. Venue is proper under 28 U.S.C. § 1391(b) as the Defendants reside within this judicial district, the acts of infringement complained of herein occurred, at least in part, in this judicial district, and Defendants have caused injury to Plaintiff and his intellectual property within this judicial district.

## FACTUAL ALLEGATIONS

8.     Plaintiff is a successful poet whose poetry has been featured in the popular Chicken Soup Series and his work has appeared on a veteran's memorial sculpture in North Merrick, New York.

9.     In particular, Plaintiff is the author of the original poem, "But You Didn't." Plaintiff owns the rights and title to the registered copyright in the same, which was registered in 1993 with registration number TXu000560781.

10.    At all times relevant to this Complaint, Plaintiff has been and is the sole owner and proprietor of all rights, title and interests in and/or pertaining to the aforementioned copyright.

11.    Plaintiff has complied in all respects with the Copyright Act, and has thereby secured exclusive rights and privileges in and to the copyright cited herein.

12.    All conditions precedent to the assertion of the causes of action set forth herein have occurred.

13.    In or about May 2015, Plaintiff received information that Defendants without authorization:

   a. Copied and created a derivative of at least one of Plaintiff's copyrighted works;

   b. Published the copyrighted works, or copies or derivatives of the

copyrighted works, as its own musical and/or artistic works;

    c. advertised the copyrighted works or infringing copies or derivatives thereof, constituting acts of infringement;

    d. sold and/or licensed the copyrighted works, or infringing copies or derivatives thereof, to third parties in conjunction with an offer to sell, publish, or otherwise disseminate Plaintiff's copyrighted works;

    e. failed to purchase or attempt to purchase the licenses for the copyrighted works from Plaintiff; and/or

    f. failed to include Plaintiff's copyright management information on its' infringing copies or derivatives thereof without Plaintiff's authorization;

14. Defendant Bruce, individually and as a member and/or agent of Defendant Insane Clown Posse, L.L.C., was complicit in the unauthorized use of Plaintiff's copyrighted works.

15. Defendant Bruce, without authorization:

    a. copied and created a derivative work of Plaintiff's copyrighted works;

    b. failed to purchase or attempt to purchase the licenses for the copyrighted works from Plaintiff; and/or

    c. failed to include Plaintiff's copyright management information on Defendants' copied work without Plaintiff's authorization.

16. Defendants were actually aware that the Plaintiff's work entitled, "But You Didn't," was protected by copyright and acted intentionally to violate Plaintiff's copyright and to encourage, assist, induce, facilitate and abet others in doing so.

17. Defendant Bruce has actual knowledge of Defendant Insane Clown Posse's infringing activities, and Defendant Bruce induced, caused and materially contributed to the infringing conduct of ICP.

## COUNT I; COPYRIGHT INFRINGEMENT

18. Plaintiff hereby incorporate by reference herein the allegations contained in the above Paragraphs of the Complaint.

19. Plaintiff is the owner of a valid copyright as detailed herein, and the copyright has been registered with the United States Copyright Office.

20. Defendants violated Plaintiff's exclusive rights by copying and/or creating derivative works based on Plaintiff's copyrighted work.

21. Defendants violated Plaintiff's exclusive rights by distributing (including by advertising and sale) copies and/or derivatives of Plaintiff's copyrighted work.

22. Defendants' violations of Plaintiff's exclusive rights are acts of copyright infringement.

23. Pursuant to 17 U.S.C. § 504(b), Plaintiff is entitled to recover, from Defendants, Plaintiff's actual damages, plus all of Defendants' profits attributable

to the infringements.

24. Alternatively, pursuant to 17 U.S.C. § 504(c), Plaintiff is entitled to recover statutory damages against Defendants for the copyrighted work that has been infringed.

25. Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to preliminary and permanent injunctive relief against Defendants; prohibiting any further copying, use or distribution of any of the copyrighted works.

26. Pursuant to 17 U.S.C. § 503(b), Plaintiff is entitled to an order that all copies or the copyrighted work found to have been made in violation of Plaintiff's exclusive rights be destroyed or otherwise removed from the stream of commerce.

27. Plaintiff is also entitled to an award of its reasonable attorneys' fees, costs, and post-judgment interest at the highest legal rate.

## COUNT II; CONTRIBUTORY COPYRIGHT INFRINGMENT

28. Plaintiff hereby incorporates by reference herein the allegations contained in the above Paragraphs of the complaint.

29. Defendants have encouraged, assisted, induced, facilitated, and/or abetted others to violate Plaintiff's exclusive rights by reproducing and/or advertising Plaintiff's copyrighted works.

30. Defendants have encouraged, assisted, induced, facilitated, and/or abetted

others to violate Plaintiff's exclusive rights by creating derivative works based on Plaintiff's copyrighted works.

31. Defendant have encouraged, assisted, induced, facilitated, and abetted others to violate Plaintiff's exclusive rights by distributing (including by sale) and/or advertising copies and/or derivatives of one or more of the copyrighted works.

32. Defendants acts were committed with actual knowledge that Plaintiff's work was protected by copyright, and with the specific intent of encouraging, assisting, inducing, facilitating, and abetting others to reproduce, distribute, advertise and create derivatives of Plaintiff's work.

33. Pursuant to 17 U.S.C. § 504(b), Plaintiff is entitled to recover from Defendants Plaintiff's actual damages, plus all of Defendants' profits attributable to each infringement.

34. Alternatively, pursuant to 17 U.S.C. § 504(c), Plaintiff is entitled to recover statutory damages against Defendants for each of infringed work.

35. Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to preliminary and permanent injunctive relief against Defendants, prohibiting any further copying, advertising, use or distribution of any of the copyrighted works.

36. Plaintiff is also entitled to an award of its reasonable attorneys' fees, costs,

and post-judgment interest at the highest legal rate.

## COUNT III; VICARIOUS LIABILITY

37.     Plaintiff hereby incorporates by reference herein the allegations contained in the above Paragraphs of the complaint.

38.     Defendant ICP is vicariously liable for the infringing acts of Defendant Bruce as well as any other member, agent, and/or employee of Defendant ICP.

## COUNT IV;  DECLARATORY RELIEF

39.     Plaintiff hereby incorporates by reference herein the allegations contained in the above Paragraphs of the Complaint.

40.     As described herein, Defendants have committed direct and contributory copyright infringement.  There is a dispute between Plaintiff and Defendants on this issue.

41.     Plaintiff seeks a declaration that Defendants' acts constitute direct and contributory copyright infringement, and as such Defendants are jointly and severally liable for any award of damages and infringer profits that Plaintiff may obtain against Defendants for their illegal use of Plaintiff's copyrighted works.

   **WHEREFORE**, Plaintiff respectfully requests that this Honorable Court, by and through its trier of fact enter Judgment in his favor and against Defendants, together with interest, costs and attorney fees or as otherwise determined by the

court or trier of fact.

                    Respectfully submitted,

Dated: March 28, 2017       */s/ Michael R. Dezsi*
                                    Michael R. Dezsi
                                    Attorney for Plaintiff
                                    615 Griswold Street, Suite 1600
                                    Detroit, MI 48226
                                    (313) 879-1206
                                    mdezsi@dezsilaw.com
                                    P64530

                                    &

                                    */s/ Amanda A. Andrews*
                                    Amanda A. Andrews
                                    Attorney for Plaintiff
                                    58 Grande Lake Drive, Suite One
                                    Port Clinton, OH 43452
                                    (419) 341-4292 (phone)
                                    (800) 715-2850 (fax)
                                    amanda@akrzystanlaw.com
                                    P75823

## **DEMAND FOR JURY TRIAL**

By and through his counsel, Plaintiff hereby demands a trial by jury in the above captioned matter.

Dated:  March 28, 2017   */s/ Michael R. Dezsi*
Michael R. Dezsi
Attorney for Plaintiff
615 Griswold Street, Suite 1600
Detroit, MI 48226
(313) 879-1206 Office
(313) 887-0420 Fax
mdezsi@dezsilaw.com
P64530

&

*/s/Amanda A. Andrews*
Amanda A. Andrews
58 Grande Lake Drive, Suite One
Port Clinton, OH 43452
(419) 341-4292 (phone)
(800) 715-2850 (fax)
amanda@akrzystanlaw.com
P75823